

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,051-01 AND -02

### EX PARTE KEVIN JON YEARWOOD, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. WRIT09735 AND WRIT09736 IN THE 196th DISTRICT COURT FROM HUNT COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child and sentenced to eight years' imprisonment. Applicant was also convicted of three counts of sexual assault of a child and sentenced to six years' imprisonment on each count. He did not appeal his convictions.

Applicant contends that he is actually innocent based on a recantation by the complainant, that false and material testimony was presented at trial by the complainant, and that Applicant's trial counsel rendered ineffective assistance because he failed to object to the jury charge in each cause.

After remand, the trial court recommends relief be denied on Applicant's ineffective assistance of trial counsel claim.[1]  However, the trial court's findings of fact only address the actions of trial counsel during sentencing negotiations with the State after Applicant had been found guilty by a jury in each cause.  The findings of fact do not address the issue set out by this Court in its initial remand order, which is whether counsel was ineffective because he failed to object to the jury charge in each cause.  Therefore, we remand this matter again to the trial court for resolution.

Applicant has alleged facts that, if true, might entitle him to relief.  *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).  In these circumstances, additional facts are needed.  As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.  The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel.  The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).  In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears from the record that Applicant is represented by counsel, however, if this is no longer the case, the trial court shall determine whether Applicant is indigent.  If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether, based on

---

[1] The record after remand shows that Applicant has filed a motion to withdraw his claims of actual innocence, and that false and material testimony was presented at trial by the complainant.  Therefore, we will not consider these claims.

Applicant's claim that trial counsel was ineffective for failing to object to the jury charge in each cause, the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 27, 2018
Do not publish